IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK MIKE ALLEN, SR., )
)
Plaintiff, )
)
v. ) 1:26CV658
)
UNKNOWN PERSONS AT WAKE )
COUNTY DETENTION CENTER, )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Wake County Detention Center sent the Court a letter which mainly details what he claims are violations of his rights occurring in that facility and in relation to pending criminal charges. He references two cases he allegedly filed previously in this Court, Allen v. Elwell, No. 1:19CV766 and Allen v. Brooks. Plaintiff does not provide a case number for the second of those cases and the Court is unable to locate such a case in this Court. In any event, Plaintiff acknowledges that the cases he references are closed, asks that the Court file his letter in those cases, and states that he intends to reopen them and transfer them to another court. However, the substance of his letter has no connection to any prior case of which the Court is aware other than an allegation that former defendants from those cases may work near where Plaintiff is now housed. Plaintiff certainly provides no reason to reopen closed cases. Instead, his letter relates almost entirely to allegations of current, unconnected violations of his rights at the Wake County Detention

Center. For this reason, the Court treated Plaintiff's filing as a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To the extent Plaintiff chooses to file a new Complaint, the Court also notes that it appears that the potential defendants may be located in the Eastern District of North Carolina, where Plaintiff is housed. The rights violations described in the Complaint are all alleged to have occurred there as well. Therefore, it appears that venue would be proper in that District, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.[1]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

---

[1] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms and in the correct district, which corrects the defects cited above.

This, the 14th day of July, 2026.

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

-3-